IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Diana Rader, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. |
| | ) | |
| v. | ) | |
| | ) | |
| City of Pittsburgh, | ) | |
| Detective J.R. Smith, Detective Scott | ) | |
| Evans, Detective Terry Hediger, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### INTRODUCTION

1. This action is brought on behalf of Diana Rader against the above named defendants asserting that her right under the fourth amendment to the United States Constitution to be free from malicious prosecutions was violated when defendants in February, 2007 charged her with the February 15, 1986 murder of her husband, Raymond Marzoch, despite a thorough investigation when the murder occurred, absent any new evidence to support such charge. This lawsuit contends that the defendants misrepresented, withheld, and/or omitted from the grand jury which indicted her, material and crucial evidence that established her innocence. Ms. Rader, who played no role in her husband's death, was arrested, and incarcerated from the date of her arrest until the conclusion of the April 13-17, 2007 preliminary hearing when the unsupported murder charges were dismissed for lack of evidence by the Honorable Lawrence J. O'Toole. The violation of Ms. Rader's fourth amendment and/or 14th Amendment rights are made actionable against these defendants pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C .§1983.

**JURISDICTION**

2. Jurisdiction of this court is predicated upon 28 U.S.C. §1331 and §1343(a)(3) and the supplemental jurisdiction of this court under 28 U.S.C. §1367(a).

**VENUE**

3. Venue is placed in the United States District for the Western District of Pennsylvania because it is where all parties reside and where the events complained of occurred.

**PARTIES**

4. Plaintiff Diana Rader, is an adult individual who is a resident of North Huntingdon, Allegheny County, Pennsylvania, who at all times relevant hereto had never been, prior to the events in this matter, accused of, arrested, or prosecuted for any alleged criminal offense.

5. The defendant City of Pittsburgh is a municipality within the Commonwealth of Pennsylvania, with a principal place of business located at 414 Grant Street, Pittsburgh, Pennsylvania 15219, which at all times relevant hereto, was authorized to and did operate and maintain a police department. At all times relevant hereto, defendant City of Pittsburgh was acting by and through its duly authorized agents, employees and/or assigns, who were then and there acting within the course and scope of their employment and under the color of state law.

6. At all times relevant hereto, the defendant City of Pittsburgh failed to adequately train, supervise, and/or discipline its police officers, and did so with deliberate indifference to the constitutional rights of citizens having contact with City of Pittsburgh police officers.

7. The defendant detective J.R. Smith, is an adult individual, who at all times relevant hereto, was employed as a police officer with the defendant City of Pittsburgh Police Department, who at all times relevant hereto, was acting under color of state law, and in accordance with the custom, practices, and policies of the defendant City of Pittsburgh.

8. The defendant Scott Evans, is an adult individual, who at all times relevant hereto, was employed as a police officer with the defendant City of Pittsburgh Police Department, who at all times relevant hereto, was acting under color of state law, and in accordance with the custom, practices, and policies of the defendant City of Pittsburgh.

9. The defendant Terry Hediger is an adult individual, who at all times relevant hereto, was employed as a police officer with the defendant City of Pittsburgh Police Department, and/or provided information to a grand jury arising from duties performed in that capacity who at all times relevant hereto, was acting under color of state law, and in accordance with the custom, practices, and policies of the defendant City of Pittsburgh.

**FACTUAL ALLEGATIONS**

10. On or about March 7, 2007, defendant officers Scott Evans and/or, J.R. Smith, arrested and/or were in whole or in part responsible for the plaintiff's arrest for the alleged murder of her husband Raymond Marzoch which occurred over 20 years before on February 15, 1986.

11. At the time when her husband was murdered in February, 1986, the City of Pittsburgh Police Department conducted a thorough investigation which did not result in any charges being brought against Ms. Rader for the alleged murder of her husband.

12. During the course of the investigation conducted at or about the time of her husband's murder, the City of Pittsburgh Police Department obtained, became aware of, recorded, and otherwise knew of information establishing that Ms. Rader was not physically present at the time that her husband was shot while sitting in a parked vehicle on the third floor of the downtown Kaufmann's parking garage. The individual defendants named herein were aware of and/or had knowledge of such information.

13. As of March, 2007, no new and/or additional information was discovered, obtained, and/or established beyond the information already discovered and/or developed in the initial investigation into the shooting death of Raymond Marzoch, that would support a reasonable belief that Ms. Rader was responsible for the shooting death of her husband.

14. At all times relevant hereto, the individual defendants misrepresented, withheld, and/or omitted from the consideration of prosecutors and\or the grand jury which indicted Ms. Rader for the murder of her husband, evidence that established Ms. Rader's innocence for the alleged murder of her husband, including but not limited to the fact that she was not present at the time, place, and/or location where her husband was shot and killed.

15. On April 13-17, 2007, a preliminary hearing in the Court of Common Pleas of Allegheny County, Pennsylvania was held before the Honorable Lawrence J. O'Toole, on the murder charges brought against Diana Rader.

16. On April 17, 2007, the Honorable Lawrence J. O'Toole, dismissed the murder charges brought against Ms. Rader concluding that he had "listened to all of the

evidence ..." and that based on same the Commonwealth "failed to prove a prima facie case", therefore, the charges were dismissed.

17. At all times relevant hereto, the defendant City of Pittsburgh had a custom, practice or policy of failing to adequately supervise, monitor, establish appropriate standards, and/or regulate the conduct and/or actions of its police officers investigating, pursuing, and/or otherwise prosecuting decades old cases resulting in the initiation of unsupported, false, and baseless criminal charges against citizens.

18. As a direct result of the defendants' conduct, the plaintiff was arrested, incarcerated, and housed in the Allegheny County Jail, pending her release following the preliminary hearing.

19. As a direct result of the defendants' conduct, plaintiff suffered severe emotional distress, embarrassment, humiliation, and damage to her reputation.

20. As a direct result of the defendants' conduct, plaintiff incurred significant legal expenses and costs incident to defending the false criminal charges brought against her.

21. The defendants' conduct as hereinbefore described violated the plaintiff's rights under the fourth and fourteenth amendments to the United States Constitution, including her right not to be subject to arrest or prosecution based upon false, misleading, and/or the omission of exculpatory evidence and/or her right to be free from municipal customs, policies or practices deliberately indifferent to the constitutional rights of citizens.

22. The defendants' actions hereinbefore described are made actionable against the individual and municipal defendants pursuant to the Civil Rights Act of 1871,

as amended 42 U. S. C. §1983, entitling the plaintiff to recover damages against such defendants including compensatory damages against all defendants and punitive damages against the individually named defendants.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in the plaintiff's favor in the sum in excess of $50,000.00 and to award the plaintiff appropriate costs and attorney's fees upon the successful resolution of her claims.

Respectfully submitted,

/s/ Timothy P. O'Brien
Timothy P. O'Brien, Esquire
PA I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

/s/ Richard P. Joseph
Richard P. Joseph, Esquire
PA I.D. #01258
2440 Washington Road
Pittsburgh, PA 15241

Counsel for plaintiff